UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:

                                                  Case No. 1-08-47352-dem

PHILIP G. BARRY a/k/a BARRY
PUBLICATIONS,                               Chapter 7

                Debtor.
-----------------------------------------------------------x

## DECISION AND ORDER ON APPLICATION FOR STAY PENDING APPEAL

Appearances:

Alan Nisselson, Esq.
Chapter 7 Trustee
Windels Marx Lane & Mittendorf, LLP
Attorneys for Chapter 7 Trustee
156 West 56th Street
New York, New York 10019

Ms. Nancy Motola
Chair, Committee of Unsecured Creditors
1434 86th Street
Brooklyn, New York 11228

Diana G. Adams, Esq
United States Trustee
Office of the United States Trustee
Conrad B. Duberstein United States Courthouse
271 Cadman Plaza East, Room 4529
Brooklyn, New York 11201
By:    Jacqueline A. Frome, Esq.
        Trial Attorney

Philip G. Barry
Debtor
477 82nd Street
Brooklyn, NY 11209

DENNIS E. MILTON
United States Bankruptcy Judge

On October 13, 2008, Philip G. Barry (the "debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On January 28, 2009, the Court appointed Alan Nisselson the case Trustee. On August 25, 2009, Nisselson filed an Application for an Order converting the Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code (the "Application"). On November 6, 2009, the Committee of Unsecured Creditors through its counsel filed an Objection to the Application. On November 9, 2009, Nisselson filed a reply in opposition to the Objection and in further support of the Application. After an initial adjournment, on December 15, 2009, the Court conducted a hearing and granted the Application. On December 15, 2009, the Court entered an Order converting the Chapter 11 Case to one under Chapter 7 of the Bankruptcy Code (the "Conversion Order"). On December 17, 2009, the United States Trustee appointed Nisselson the chapter 7 case Trustee.

On December 28, 2009, Nancy Motola, who had served as the Chair of the Official Committee of Unsecured Creditors, filed a Notice of Appeal from the Conversion Order. On January 14, 2010, Motola filed an Application for a stay pending appeal of the Conversion Order (the "Stay Application"). On January 19, 2010, Motola filed an Amended Motion, in which she argued that the appeal had legitimate grounds and that in the absence of a stay, an appeal could be rendered moot, causing irreparable and prejudicial consequences to the movant. Motola did not file an affidavit or Memorandum of Law in support of the Motion.

On January 21, 2010, Nisselson filed an Opposition to the Stay Application. Nisselson argued that the movant had failed to set forth the standard applicable for the Court's

review of the Stay Application, and that the record amply demonstrated that the appellant had failed to show either a likelihood of success on the merits or irreparable injury to the movant absent the issuance of a stay. On January 26, 2010, Motola filed a reply to the Trustee's opposition. On January 27, 2010, the Court heard argument on the Stay Application and for the reasons set forth below, denies the Stay Application in its entirety.

## DISCUSSION

### The Movant Has Failed to Meet Her Burden of Proof to Establish the Elements Necessary for a Stay Pending Appeal.

It is well established that the movant seeking an Order directing the issuance of a stay pending appeal, a party must establish the following four elements:

> (1) that she will likely prevail on the merits of the appeal;
> (2) that she will suffer irreparable injury if the stay is denied;
> (3) that other parties will not be substantially harmed by the stay; and
> (4) that the public interest will be served by granting the stay.

Hirschfeld v. Board of Elections, 984 F.2d 35, 39 (2d Cir. 1993); In re Vincent Andrews Management Corp., 414 B.R. 1, 4 (D. Conn. 2009)(citing In re World Trade Center Disaster Site Litigation, 503 F.3d 167, 170 (2d Cir. 2007). This standard has been applied to bankruptcy proceedings. In re Singer Co., N.V., 2000 WL 257138 (S.D.N.Y. 2000). The caselaw in this district suggests that all four criteria must be satisfied for a stay to be issued, and emphasizes that the single most important factor is likelihood of success on the merits or a serious question going to the merits and a tipping of the equities in favor of the movant. See In re Holtmeyer, 229 B.R. 579, 582 (E.D.N.Y. 1999). The movant has failed to establish these elements. Even were the Court to find that the movant would suffer irreparable harm from the property sales which were allowed to go forward and that other parties would not be substantially harmed by issuance of

the stay, the movant has failed to raise serious questions to establish a substantial possibility of success on the merits of her appeal. The Stay Application contains conclusory allegations that these standards are satisfied and fails to demonstrate that any one factor is present here. The movant has clearly failed to meet her burden of proof to establish the existence of these factors in her favor. The Stay Application must be denied.

## CONCLUSION

For the reasons set forth above, the Court finds that the movant has failed to meet her burden of proof to establish the criteria necessary for a stay pending appeal. The Court specifically finds that the movant has failed to establish a likelihood of success on the merits, and that consideration of either the equities or of the pubic interest favors the issuance of a stay pending appeal in this case. The Stay Application is denied in all respects.

IT IS SO ORDERED.

Dated: Brooklyn, New York
January 27, 2010

S/ Dennis E. Milton
DENNIS E. MILTON
United States Bankruptcy Judge

To:    Alan Nisselson, Esq.
       Chapter 7 Trustee
       Windels Marx Lane & Mittendorf, LLP
       Attorneys for Chapter 7 Trustee
       156 West 56th Street
       New York, New York 10019

        Ms. Nancy Motola
        Chair, Committee of Unsecured Creditors
        1434 86th Street
        Brooklyn, New York 11228

        Diana G. Adams, Esq
        United States Trustee
        Office of the United States Trustee
        Conrad B. Duberstein United States Courthouse
        271 Cadman Plaza East, Room 4529
        Brooklyn, New York 11201
By:    Jacqueline A. Frome, Esq.
        Trial Attorney

        Philip G. Barry
        Debtor
        477 82nd Street
        Brooklyn, NY 11209